### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER GLENN,** | : | |
| **a/k/a KAREN MARIE WILSON,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 23-CV-3294** |
| | : | |
| **v.** | : | |
| | : | |
| **GEORGE LITTLE,** *et al.*, | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this 30th day of November, 2023, upon consideration of Plaintiff Karen Marie Wilson's *pro se* Complaint (ECF No. 2), **IT IS ORDERED** as follows:

1.      For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a.  Wilson's claims against all Defendants in their official capacities;

   b.  all claims based on the denial of grievances; and

   c.  all claims based on violations of HIPAA.

2.      For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):   all individual capacity claims against Defendants Secretary George Little; Superintendent Joseph Terra; Deputy Superintendent Sipple; Deputy Superintendent Hensley; Deputy Superintendent Kertes; Deputy Superintendent Wynder; Security Lieutenant Aguliar; Unit Manager Smith; Unit Manager Baldwin; Unit Manager Thomas; Counselor Watson; Counselor Tyler James Logan; PREA Manager John Muick; Unknown Program Review Committee Members for the Pennsylvania Department of Corrections; and Nurse Practitioner Joe Walsh.

3.      The only claims remaining in this lawsuit at this time are Wilson's Eighth Amendment claims against Counselor Lundy, Sergeant Curly, and the Unknown Afternoon Shift Sergeant of H Unit for failure to protect her from harm on July 23, 2023, and these claims will proceed to service.

4.      Service shall be made upon Defendant "Unknown Afternoon Shift Sergeant of H Unit" if and when Wilson provides sufficient identifying information to allow for service.

5.      The Clerk of Court is specially appointed to serve written waiver requests on the following other Defendants pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service:

   a. Mrs. Lundy (identified in the Complaint as the Counselor of H Unit at SCI Phoenix); and

   b. Mr. Curly (identified in the Complaint as the Morning Shift Sergeant of H Unit at SCI Phoenix).

6.      The waiver of service requests shall be accompanied by a copy of the Complaint and shall inform the Defendants of the consequences of compliance and failure to comply with the requests.  The requests shall allow the Defendants at least 30 days from the date they are sent to return the signed waivers.

7.      If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

8.      The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

9.      The Clerk of Court is further **DIRECTED** to send Wilson a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

10.     Wilson is given thirty (30) days to file an amended complaint if she chooses to attempt to amend the defects in the claims that the Court dismissed without prejudice.  Any amended complaint (1) shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, (2) shall state the basis for Wilson's claims against each defendant, and (3) shall bear the title "Amended Complaint" and the case number 23-3294.  If Wilson files an amended complaint, her amended complaint must be a complete document that includes all of the bases for Wilson's claims, including claims that the Court has not yet dismissed if she seeks to proceed on those claims.  **Claims that are not included in the amended complaint will not be considered part of this case**.  **<u>This means that if Wilson files an amended complaint, she must reassert her Eighth Amendment claims against Counselor Lundy, Sergeant Curly, and the Unknown Afternoon Shift Sergeant of H Unit, including the relevant underlying facts, if she intends to proceed on those claims</u>**. When drafting her amended complaint, Wilson should be mindful of the Court's reasons for dismissing her claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

11.     No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery.  This means the Court **will not consider discovery motions**

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

unless or until discovery is authorized.  At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

13. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court.  The Federal Rules of Civil Procedure and Local Rules are to be followed.  Wilson is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

14. Once discovery is permitted, Wilson should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  In accordance with Local Rule 26.1(f), Wilson shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

15. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

16. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change.  Failure to do so could result in

court orders or other information not being timely delivered, which could affect the parties' legal

rights.

        17.     Wilson may file a motion for voluntary dismissal of this case at any time if Wilson

decides not to pursue it.  In making this decision, Wilson should consider the statute of limitations.

                                   **BY THE COURT:**

                                   **/s/ Hon. Kelley B. Hodge**

                                 **KELLEY BRISBON HODGE, J.**