IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER GLENN, | : | |
| Plaintiff, | : | |
| | : | No. 2:23-CV-03294 |
| v. | : | |
| | : | Judge Hodge |
| MRS. LUNDY, COUNSELOR OF H UNIT OF SCI-PHOENIX, MR. CURLEY, SEARGANT OF H UNIT OF SCI-PHOENIX MORNING SHIFT *and* UNKNOWN AFTERNOON SHIF SEARGANT H UNIT, SEARGANT OF H UNIT AFTERNOON SHIF OF SCI-PHOENIX, | : : : : : : : : | Electronically Filed Document  *Complaint Filed 08/21/23* |
| Defendants. | : | |

**COMMONWEALTH DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT**

Defendants DeAndra Lundy and Patrick Curley (collectively, "Commonwealth Defendants"), by and through undersigned counsel, answer Plaintiff's Complaint as follows:

**I.    Parties to This Complaint**

A.    Admitted.

B. (No. 1). (Attachment, ECF No. 2 at 13).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Secretary George Little have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 2). (Attachment, ECF No. 2 at 13).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Superintendent Joseph Terra have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 3). (Attachment, ECF No. 2 at 13).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Superintendent Sipple have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 4). (Attachment, ECF No. 2 at 13).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Superintendent Hensley have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 5). (Attachment, ECF No. 2 at 13).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Superintendent Kertes have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 6). (Attachment, ECF No. 2 at 13).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Superintendent Wydner have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 7). (Attachment, ECF No. 2 at 14).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Security Lieutenant Aguilar have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 8). (Attachment, ECF No. 2 at 14).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Unit Manager Smith have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 9). (Attachment, ECF No. 2 at 14).   A response to this paragraph is not required. The individual and official capacity claims against Defendant Unit Manager Baldwin have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 10). (Attachment, ECF No. 2 at 14). A response to this paragraph is not required. The individual and official capacity claims against Defendant Unit Manager Thomas have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 11). (Attachment, ECF No. 2 at 14). A response to this paragraph is not required. The individual and official capacity claims against Defendant Counselor Watson have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 12). (Attachment, ECF No. 2 at 14). Admitted in part, and denied in part.  To the extent the allegations in this paragraph contain conclusions of law, no response is required.  The official capacity claim against Commonwealth Defendant Lundy has been dismissed pursuant to Court Order on December 1, 2023, and as a result, no response is required.  (ECF No. 22.)  It is only admitted that Commonwealth Defendant Lundy is employed with the Pennsylvania Department of Corrections.  To the extent this paragraph alleges any additional facts, they are denied and proof thereof is demanded.

B. (No. 13). (Attachment, ECF No. 2 at 15). A response to this paragraph is not required. The individual and official capacity claims against Defendant Counselor Tyler James Logan have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 14). (Attachment, ECF No. 2 at 15). A response to this paragraph is not required. The individual and official capacity claims against Defendant PREA Manager John Muick have been dismissed pursuant to Court Order on December 1, 2023.  (ECF No. 22.)

B. (No. 15). (Attachment, ECF No. 2 at 15). Admitted in part, and denied in part.  To the extent the allegations in this paragraph contain conclusions of law, no response is required.  The official capacity claim against Commonwealth Defendant Curley has been dismissed pursuant to Court Order on December 1, 2023, and as a result, no response is required.  (ECF No. 22.)  It is only admitted that Commonwealth Defendant Curley is employed with the Pennsylvania Department of Corrections.  To the extent this paragraph alleges any additional facts, they are denied and proof thereof is demanded.

B. (No. 16). (Attachment, ECF No. 2 at 15). A response to this paragraph is not required. The individual and official capacity claims against Defendants Unknown Program Review Committee Members have been dismissed pursuant to Court Order on December 1, 2023. (ECF No. 22.)

B. (No. 17). (Attachment, ECF No. 2 at 15). A response to this paragraph is not required. The individual and official capacity claims against Defendant Nurse Practitioner Joe Walsh have been dismissed pursuant to Court Order on December 1, 2023. (ECF No. 22.)

B. (No. 18). (Attachment, ECF No. 2 at 15). A response to this paragraph is not required. The official capacity claim against Defendant Unknown Afternoon Shift Sergeant of H Unit has been dismissed pursuant to Court Order on December 1, 2023. (ECF No. 22.) To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.

## II.    Basis for Jurisdiction

A.    Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.   To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B.    Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.   To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

C.    Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.   To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

D. (Attachment, ECF No. 2 at 21).   Denied.   To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

### III.   Prisoner Status

Admitted.

### IV.   Statement of Claim

A.   This paragraph was intentionally left blank and, thus, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendant, they are denied and proof thereof is demanded.

B.   Denied.   After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

C.   Denied.   After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 1). (Attachment, ECF No. 2 at 16).   Denied.   After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 2) (Attachment, ECF No. 2 at 16).   Admitted in part, and denied in part.  It is admitted, at the time of the alleged incident, Plaintiff was incarcerated within Pennsylvania State Correctional Institution—Phoenix.   As to the remaining allegations in this paragraph, after

5

reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 3). (Attachment, ECF No. 2 at 16). Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 4). (Attachment, ECF No. 2 at 16). Denied. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 5). (Attachment, ECF No. 2 at 16). Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 6). (Attachment, ECF No. 2 at 16-17). Denied. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 7). (Attachment, ECF No. 2 at 17).  Denied.  To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 8). (Attachment, ECF No 2 at 17).  Denied.  To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 9). (Attachment, ECF No. 2 at 17).  Denied.  To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 10). (Attachment, ECF No 2 at 17).  Denied.  To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

  D. (No. 11). (Attachment, ECF No. 2 at 17-18). Denied. To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants. To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

  D. (No. 12). (Attachment, ECF No. 2 at 18). Denied. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

  D. (No. 13). (Attachment, ECF No. 2 at 18). Denied. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

  D. (No. 14). (Attachment, ECF No. 2 at 18-19). Denied. To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants. To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 15). (Attachment, ECF No. 2 at 19).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 1). (Attachment, ECF No. 2 at 20).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 2). (Attachment, ECF No. 2 at 20).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

**V.**     **Injuries**

(Attachment, ECF No. 2 at 22).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, after reasonable investigation, Commonwealth

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

## VI.     Relief

(No. 1). (Attachment, ECF No. 2 at 23).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

(No. 2). (Attachment, ECF No. 2 at 23).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph refers to other named defendants, a response is not required of Commonwealth Defendants.  To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

(No. 3). (Attachment, ECF No. 2 at 23).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

(No. 4). (Attachment, ECF No. 2 at 23).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

(No. 5). (Attachment, ECF No. 2 at 23).  Denied.  To the extent the allegations in this paragraph constitute conclusions of law, no response is required.  To the extent this paragraph

alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

(No. 6). (Attachment, ECF No. 2 at 23). Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

(No. 7). (Attachment, ECF No. 2 at 23). Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

**VII.    Exhaustion of Administrative Remedies**

    A.    Admitted.

    B.    Admitted.

    C.    To the extent this allegation contains Plaintiff's state of mind, no response is required.

    D.    Admitted in part, and denied in part. It is admitted that Plaintiff filed a grievance pursuant to DC-ADM 804, concerning the alleged incident giving rise to Plaintiff's Complaint. (*See* ECF No. 30-1.) To the extent Plaintiff alleges the filing of such grievance constitute the full and proper exhaustion of administrative remedies against Commonwealth Defendants, such an allegation is denied and proof thereof is demanded.

    E. (No. 1).    Admitted.

    E. (No. 2).    Admitted in part, and denied in part. It is admitted that Plaintiff's filed grievance claimed Commonwealth Defendants' were "deliberately indifferent" and "failed to

11

ensure [Plaintiff's] safety". (*See* ECF No. 30-1 at 6.) To the extent Plaintiff alleges the filing of such grievance constitutes the full and proper exhaustion of administrative remedies against Commonwealth Defendants, such an allegation is denied and proof thereof is demanded.

    E. (No. 3).    Admitted.

    E. (No. 4).    Admitted.

    F. (No. 1).    This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendant, they are denied and proof thereof is demanded.

    F. (No. 2).    This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendant, they are denied and proof thereof is demanded.

    G.    Denied. To the extent the allegations in this paragraph constitute conclusions of law, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

## VIII.   Previous Lawsuits

    (No numbered paragraph). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

    A.    Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

B. (No. 1).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B. (No. 2).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B. (No. 3).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B. (No. 4).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B. (No. 5).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B. (No. 6).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

B. (No. 7).	This paragraph was intentionally left blank and, thus, no response is required. To the extent this paragraph alleges any facts against Commonwealth Defendants, they are denied and proof thereof is demanded.

C. Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 1). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 2). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 3). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 4). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 5). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 6). Denied. Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 7).  Denied.  Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 1). (Attachment, ECF No. 2 at 24).  Denied.  Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 2). (Attachment, ECF No. 2 at 24).  Denied.  Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

D. (No. 3). (Attachment, ECF No. 2 at 25).  Denied.  Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, said allegations are denied and proof thereof is demanded.

## COMMONWEALTH DEFENDANTS' AFFIRMATIVE DEFENSES

Commonwealth Defendants, by and through undersigned counsel, hereby assert the following affirmative defenses in response to Plaintiff's Complaint.

### First Affirmative Defense

1. Commonwealth Defendants are immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

//

//

**Second Affirmative Defense**

2. Plaintiff's Complaint is barred from litigation as Plaintiff has failed to fully and properly exhaust all available administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"), codified within 42 U.S.C. §§ 1997e, et seq. 42 U.S.C. § 1997e(a).

**Third Affirmative Defense**

3. Plaintiff's Complaint is barred from litigation as Plaintiff has failed to fully and properly exhaust all administrative remedies prior to filing suit, as required by Pennsylvania Prison Litigation Reform Act, codified within 42 Pa. C.S. §§ 6601-6608 ("PPLRA"). 42 Pa. C.S. § 6603(a).

**Fourth Affirmative Defense**

4. Plaintiff's requested relief by way of an award of damages, including but not limited to compensatory and punitive damages, is not warranted as such recovery is not permitted pursuant to the provisions of the PLRA. 42 U.S.C. § 1997e(e).

**Fifth Affirmative Defense**

5. Plaintiff's requested relief by way of an award of damages, including but not limited to compensatory damages, is not warranted as such recovery is not permitted pursuant to the provisions of the PPLRA. 42 Pa. C.S. § 6603(a).

**Sixth Affirmative Defense**

6. Commonwealth Defendants did not engage in willful and wanton conduct that would give rise to an award of punitive damages.

**Seventh Affirmative Defense**

7. Plaintiff has failed to mitigate damages, if any.

**Eighth Affirmative Defense**

8. Plaintiff fails to state a claim, in whole or in part, upon which relief can be granted.

**Ninth Affirmative Defense**

9. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

**Tenth Affirmative Defense**

10. Commonwealth Defendants reserve the right to amend the affirmative defenses to reflect the evidence produced in discovery and/or trial.

                                                Respectfully submitted,

Dated: June 25, 2024                        MICHELLE A. HENRY
                                                Attorney General

By: */s/ Sarin V. Keosian-Frounjian*

COMMONWEALTH OF PENNSYLVANIA    SARIN V. KEOSIAN-FROUNJIAN
OFFICE OF ATTORNEY GENERAL        Deputy Attorney General
1600 Arch Street, Suite 300               Attorney I.D. 329591
Philadelphia, Pennsylvania 19103
Phone: (215) 560-2128                     NICOLE R. DITOMO
skeosianfrounjian@attorneygeneral.gov    Chief Deputy Attorney General
                                                Civil Litigation Section

                                                *Counsel for Defendants Lundy and Curley*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER GLENN,  Plaintiff | : : : |
| v. | : No. 2:23-CV-03294 : : Judge Hodge |
| MRS. LUNDY, COUNSELOR OF H UNIT OF SCI-PHOENIX, MR. CURLEY, SEARGANT OF H UNIT OF SCI-PHOENIX MORNING SHIFT *and* UNKNOWN AFTERNOON SHIF SEARGANT H UNIT, SEARGANT OF H UNIT AFTERNOON SHIF OF SCI-PHOENIX,   Defendants | : : Electronically Filed Document : : *Complaint Filed 08/21/23* : : : : : |

**CERTIFICATE OF SERVICE**

I, Sarin V. Keosian-Frounjian, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on, June 25, 2024, I caused to be served a true and correct copy of the foregoing document titled, "Commonwealth Defendants' Answer to Plaintiff's Complaint", to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**Christopher Glenn, QN-9034**
**SCI Phoenix**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

                                               */s/ Sarin V. Keosian-Frounjian*
                                               **SARIN V. KEOSIAN-FROUNJIAN**
                                               **Deputy Attorney General**